THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:14-cv-00306-MR-DLH

DAVID TAYLOR,            )
                         )
        Plaintiff,       )
                         )
   vs.                   )  **O R D E R**
                         )
NANCY A. BERRYHILL, Acting )
Commissioner of Social Security, )
                         )
        Defendant.       )
_____)

**THIS MATTER** is before the Court on the Plaintiff's Motion for Approval and Award of Attorney's Fees [Doc. 14], as amended [Doc. 16].

**I.   PROCEDURAL BACKGROUND**

On December 8, 2014, the Plaintiff initiated this action seeking judicial review of the Commissioner's decision to deny his application for benefits under the Social Security Act. [Doc. 1]. On June 10, 2015, this Court reversed the Commissioner's decision denying the Plaintiff's application for benefits and remanded the case to the Appeals Council for further administrative action. [Docs. 9, 10]. On June 26, 2015, the Court awarded the Plaintiff attorney's fees in the amount of $5,600.00 in full satisfaction of

any and all claims by the Plaintiff pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA). [Doc. 13].

On August 18, 2017, the Commissioner issued a Notice of Award to the Plaintiff indicating that his past due benefits were $59,703.00. [Doc. 14-3 at 1-6]. The Notice of Award also explains that $14,925.75, representing 25% of the Plaintiff's back benefits, was being withheld from the Plaintiff's back benefits to pay any award of attorney's fees. [Id. at 5]. The Plaintiff and his attorney have entered into a contingency fee agreement pursuant to which any attorney's fee award cannot exceed 25% of the past due benefits. [Doc. 14-5].

The Plaintiff now seeks an award of $11,600.00 in fees pursuant to 42 U.S.C. § 406(b)(1), with the additional stipulation that upon receipt of such payment, he will refund to the Plaintiff the $5,600.00 previously awarded under the EAJA. [Doc. 14]. The Commissioner does not support or oppose the Plaintiff's fee request to the extent that he is seeking fees for services before this Court. The Commissioner, however, opposes the fee request to the extent that the Plaintiff is seeking compensation from this Court for services performed before the agency. [Doc. 18].

## II. DISCUSSION

There are two avenues by which a Social Security benefits claimant may be awarded attorney's fees. First, claimants may seek a fee award under the EAJA, which provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action...." 28 U.S.C. § 2412(d)(1)(A). Second, a claimant may seek an award pursuant to 42 U.S.C. § 406(b), which provides that "[w]henever a court renders a judgment favorable to a claimant ... who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment...." 42 U.S.C. § 406(b)(1)(A).

While attorney's fees may be awarded under both the EAJA and § 406(b), the Social Security Act requires that the attorney must refund to the claimant the smaller fee. "Thus, an EAJA award offsets an award under Section 406(b), so that the amount of the total past-due benefits the claimant

3

actually receives will be increased by the EAJA award up to the point the claimant receives 100 percent of the past-due benefits." Stephens ex rel. R.E. v. Astrue, 565 F.3d 131, 134-35 (4th Cir. 2009) (quoting Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002)).

Here, the Plaintiff and his counsel have entered into a contingency fee agreement by which the Plaintiff has agreed to pay up to 25% of any past due benefits awarded to his counsel. As the Fourth Circuit has recognized, "§ 406(b) was designed to control, not to displace, fee agreements between Social Security benefits claimants and their counsel. As long as the agreement does not call for a fee above the statutory ceiling of twenty-five percent of awarded past-due benefits, . . . § 406(b) simply instructs a court to review the agreement for reasonableness." Mudd v. Barnhart, 418 F.3d 424, 428 (4th Cir. 2005) (citation and internal quotation marks omitted).

The Court finds that the services rendered in this Court were appropriate and reasonable to the relief sought, that the contingency fee agreement executed by the Plaintiff and his counsel is reasonable, and that

the amount of fees requested is also reasonable. Accordingly, the Plaintiff's Motion for Attorney's Fees is granted.[1]

IT IS, THEREFORE, ORDERED that the Plaintiff's Motion for Approval and Award of Attorney's Fees [Doc. 14], as amended [Doc. 16], is hereby **GRANTED**, and an award of attorney's fees in the amount of Eleven Thousand Six Hundred Dollars ($11,600.00) pursuant to 42 U.S.C. § 406(b)(1)(A) is hereby approved.

**IT IS FURTHER ORDERED** that upon receipt of the § 406(b) fees, Plaintiff's counsel is hereby instructed to return to the Plaintiff the sum of $5,600.00, representing the fee that counsel previously received pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

**IT IS FURTHER ORDERED** that a copy of this Order be provided to the Social Security Administration in order to effectuate payment of the award from past due benefits which have been withheld for such purpose.

**IT IS SO ORDERED.**

Signed: October 3, 2017

Martin Reidinger
United States District Judge

---

[1] Plaintiff's counsel further requests authorization "to obtain reimbursement from plaintiff for the $213.97 advanced to him for postage for service of process and to obtain medical records submitted to the Social Security Administration and Administrative Law Judge in connection with his claim." [Doc. 14 at 3]. Plaintiff's counsel cites no legal authority for this request. The payment of such costs is a matter between the Plaintiff and his counsel.